UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LLOYD SARA,

                              Plaintiff,

- against -

TALCOTT RESOLUTION LIFE INSURANCE
COMPANY and THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA,

                              Defendants.
-------------------------------------------------------------x

**OPINION & ORDER**

No. 21-CV-3094 (CS)

Appearances:

Fred D. Weinstein
Jeffrey S. Peters
Kurzman Eisenberg Corbin & Lever, LLP
White Plains, New York
*Counsel for Plaintiff*

Justine N. Margolis
Stephen G. Della Fera
Dentons US LLP
New York, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court is Plaintiff's motion to remand this case to the Supreme Court of the State of New York, Westchester County, and for attorneys' fees and costs associated with the motion. (ECF No. 10.) For the following reasons, Plaintiff's motion is DENIED.

## I.    BACKGROUND

      I accept as true the facts but not the conclusions in Plaintiff's Verified Complaint. *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 391 (S.D.N.Y.2006) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the

complaint and construes all factual ambiguities in favor of the plaintiff.") (cleaned up).  I also consider the declarations and materials submitted with each parties' brief.  *See Arseneault v. Congoleum*, No. 01-CV-10657, 2002 WL 472256, at *6 (S.D.N.Y. Mar. 26, 2002) (courts may look to materials outside of the pleadings when presented with jurisdictional issues such as a motion to remand), *reconsideration denied*, 2002 WL 531006 (S.D.N.Y. Apr. 8, 2002).

The following facts are undisputed except where noted.  Plaintiff, an individual, is a New York resident.  (ECF No. 1-1 ("Compl.") ¶ 1.)  Defendant Talcott Resolution Life Insurance Company is a Connecticut corporation; Talcott is the successor in interest to Hartford Life Insurance Company, which issued a life insurance policy to Plaintiff in 1999.  (*Id.* ¶¶ 2, 5.)  Defendant Prudential Insurance Company of America is a New Jersey corporation that is responsible for administering Talcott's life insurance policies.  (*Id.* ¶ 3.)  Plaintiff missed a payment on his life insurance policy in June 2019, after which he alleges that Defendants attempted to cancel the policy, failed to act on his application to reinstate the policy, and failed to provide him with a copy of the policy – all in violation of New York law.  (*Id.* ¶¶ 18-31.)

On March 1, 2021, Plaintiff filed this lawsuit against Talcott and Prudential in New York Supreme Court, Westchester County, seeking a declaration that Defendants' conduct in connection with his life insurance policy was unlawful.  (*Id.* at 5-6.)  Plaintiff served Prudential on March 8, 2021 by transmitting a copy of the summons and complaint to the New York Secretary of State, a method of service authorized under New York Business Corporation Law § 306.  (ECF No. 11-2.)  The Secretary of State did not send the summons and complaint to Prudential until April 5, 2021, and Prudential did not receive the summons and complaint until April 12, 2021, the date on which the company's registered agent for service, CT Corporation,

signed for the package.  (*See* ECF Nos. 18-2, 18-3.)[1]  Defendants assert that Prudential's legal department did not receive the summons and complaint from CT Corporation until April 16.  (ECF No. 18 ¶ 4.)[2]

Plaintiff served Talcott on March 12, 2021 by delivering the summons and complaint to an individual at Talcott's corporate office who accepted service.  (ECF No. 11-3.)  Less than thirty days later, on April 9, 2021, Talcott filed its Notice of Removal, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).  (ECF No. 1.)  Prudential did not join in, sign, or note its consent to Talcott's April 9 Notice of Removal.  In that Notice, Talcott represented that "[u]pon information and belief, Prudential has not been served."  (*Id.* ¶ 4.)  Talcott attached to its Notice of Removal what it understood to be "all state court process, pleadings, and orders."  (*Id.* ¶ 5; ECF No. 1-1.)  Those attachments include a proof of service for Talcott, which Plaintiff filed in the state court on March 31, 2021, but no proof of service on Prudential, as Plaintiff had not, as of April 9, filed the Prudential proof of service on the state court docket.  (ECF No. 1-1; Ds' Opp. at 3.)[3]

---

[1] Plaintiff does not dispute this account and does not challenge the veracity or accuracy of the U.S. Postal Service tracking history proffered by Defendants as evidence of the date on which the Secretary of State mailed, and CT Corporation received, service of process for Prudential.  (*See* ECF Nos. 18-2, 18-3.)  Accordingly, for purposes of this motion I assume it is accurate that Prudential's agent CT Corporation was not in receipt of process for Prudential until April 12.

[2] Both Defendants are represented by the same counsel.  (*See* ECF Nos. 5, 6.)  Defendants claim that they first learned that Prudential had been served in an April 14 phone call between the parties' lawyers, after which Plaintiff's counsel sent Defendants' counsel a copy of the affidavit of service for Prudential.  (*See* ECF No. 17 ("Ds' Opp.") at 4.)

[3] Plaintiff does not dispute that he had not filed the proof of service for Prudential on the state court docket as of April 9.  Rather, he argues that this fact is irrelevant to the question whether service on Prudential was complete as of March 8.  (*See* ECF No. 19 ("P's Reply") at 6 n.3 (arguing that filing proof of service is not required to complete service).)

On April 16, 2021 – more than thirty days after Prudential was served via delivery to the Secretary of State, but less than thirty days from the April 12 receipt of service of process by Prudential's agent CT Corporation – Prudential filed a letter with this Court explicitly consenting to removal of the action. (ECF No. 8.)

## II. LEGAL STANDARD

An action filed in state court may properly be removed by a defendant if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over cases "between . . . citizens of different states," where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Diversity jurisdiction under § 1332(a) 'requires complete diversity between all plaintiffs and defendants.'" *Wachtell, Lipton, Rosen, & Katz v. CVR Energy, Inc.*, 18 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (quoting *Pampillonia v. RJR Nabisco Inc.*, 138 F.3d 459, 460 (2d Cir. 1998)).

As a general matter, removal jurisdiction must be "strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and any doubts should be resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states," *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). Therefore, "[a] party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).

## III. DISCUSSION

Plaintiff argues that Prudential's April 16, 2021 consent to removal was untimely because it came more than thirty days after March 8, when Prudential was served with process via service

4

on the Secretary of State.  Plaintiff asserts that Prudential's late consent is a "fatal procedural defect" warranting remand.  (ECF No. 12 ("P's Mem.") at 1.)

Defendants argue that the thirty-day period under which Prudential could remove or consent to removal did not start until CT Corporation received the summons and complaint, which occurred on April 12.  (Ds' Opp. at 8.)  They contend that, because Prudential's agent received the summons and complaint on April 12, Prudential was not required to consent when Talcott removed the case on April 9, (*id.* at 9); alternatively, they argue that Prudential's April 16 consent was timely, (*id.* at 9-11).

The relevant procedures for removal are set forth in 28 U.S.C. § 1446(b).  The statute provides, "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."  28 U.S.C. § 1446(b)(1).  But "service on a statutory agent" – such as the New York Secretary of State – "does not trigger the 30-day removal period" under § 1446(b)(1).  *Moran v. Trans States Airlines, LLC*, No. 20-CV-6155, 2020 WL 5912391, at *3 (S.D.N.Y. Oct. 6, 2020); *see Medina v. Wal-Mart Stores*, 945 F. Supp. 519, 520 (W.D.N.Y. 1996).  That proposition is supported by "'the heavy weight of authority'" in the Second Circuit.  *Grello v. J.C. Penny Corp.*, No. 03-CV-8245, 2003 WL 22772397, at *2 (S.D.N.Y. Nov. 21, 2003) (quoting *Cygielman v. Cunard Line Ltd.*, 890 F. Supp. 305, 307 (S.D.N.Y. 1995)); *see UI Acquisition Holding Co. v. Arch Ins. Co.*, No. 19-CV-310, 2020 WL 103509, at *3 n.1 (N.D.N.Y. Jan. 9, 2020) (collecting cases).  As Defendants point out, the two circuit courts to consider the question are in accord.  *See Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018) ("[W]e now hold that service on a statutory agent is not service on the defendant within the meaning of § 1446(b)."); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126,

5

1130 (9th Cir. 2019) ("We join the Fourth Circuit and hold that the thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent, and began in this case only when [defendant] actually received [plaintiffs'] complaint."). These holdings reflect what "appears to be settled law" nationwide "that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service." 14C Charles Alan Wright et al., Federal Practice & Procedure § 3731 (Rev. 4th ed. 2021 update).[4]

Where there is more than one defendant in a case, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This rule, known as the "rule of unanimity," was long the rule under common law and was codified in 2011. *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021). The statute also provides that, in multi-defendant cases, "Each defendant shall have 30 days after

---

[4] *Burr ex rel. Burr v. Toyota Motor Credit Co.*, cited by Plaintiff, held that the thirty-day removal clock started to run on the date on which the defendant was served via delivery to the New York Department of State. 478 F. Supp. 2d 432, 439 (S.D.N.Y. 2006). That case is distinguishable because, unlike Defendants here, the defendant in *Burr* provided no evidence that it received the summons and complaint any later than the date of service on the Department of State. *Id.* ("To sustain its burden of proof, [defendant] must do more than state its 'belief' as to when process was served."). Nevertheless, to the extent that *Burr*, a 2006 case, is in tension with the authority that service on a statutory agent does not start the removal clock, I find that case unpersuasive in light of the current weight of authority on this question, and the logic underlying that authority. *See Anderson*, 917 F.3d at 1129 ("Intertwining the removal statute with state-specific idiosyncrasies would thwart Congress' twin aims of adequate time to respond and uniform application of the rule. Indeed, if delivery to a statutorily designated agent began the removal clock, the effective time a defendant had to remove would depend not only on differences in state law, but also on the efficiency of state agencies in each instance.") (internal citation omitted); *Elliott*, 883 F.3d at 393 ("Serving a statutory agent does not guarantee that the defendant is provided with actual notice of the complaint or adequate time to decide whether to remove a case. To hold that the filing period commences when the statutory agent is served, therefore, would allow for the filing deadline to pass before the defendant actually receives a copy of the complaint – the exact situation Congress previously sought to avoid when it amended § 1446(b) to its current state.").

receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B); *see UI Acquisition Holding Co.*, 2020 WL 103509, at *2 ("When there are multiple defendants, each defendant has 30 days after its receipt of the initial pleading to file a notice of removal."). Finally, § 1446(b)(2)(C) sets out the "later-served defendant" rule, which governs cases where "defendants are served at different times and a later-served defendant files a notice of removal." In such a case, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

Plaintiff argues that the above-cited authority – holding that the removal clock does not start running upon service of a statutory agent – is inapplicable to cases involving the rule of unanimity, now codified at 28 U.S.C. § 1446(b)(2)(A). (P's Reply at 2-3.) He argues that § 1446(b)(2)(A) requires consent of defendants who have been "properly joined and served" and that application of cases holding that service on the Secretary of State does not start the thirty-day removal clock improperly "conflates" the rule of unanimity with provisions setting out the thirty-day removal period.[5] The problem with Plaintiff's argument is that § 1446(b)(2)(A)

---

[5] Plaintiff quotes *Williams v. Connell*, arguing that "Defendants erroneously 'conflate the 30 day requirement for filing notices of removal under 28 U.S.C. § 1446(b)(1) with the rule of unanimity codified at 28 U.S.C. § 1446(b)(2)(A) without explanation.'" (P's Reply at 3) (quoting *Williams v. Connell*, No. 12-CV-3593, 2017 WL 2829686, at *6 (E.D.N.Y. June 29, 2017)). But this quote is taken out of context, and *Williams* is inapposite. In *Williams*, the plaintiffs argued that removal was improper because two defendants ("Bell and Bailey"), who had not yet been served when their co-defendants filed the notice of removal, failed to consent. *Williams*, 2017 WL 282968, at *2-3. The court explained that

> [Plaintiffs'] entire argument rests on the dates Bell and Bailey provided consent. Those dates, however, are irrelevant to the timeliness of the *notice of removal*. In other words, Plaintiffs confuse the rule of unanimity with the timeliness of removal . . . . The dates of Bell and Bailey's consent are irrelevant to the timeliness of filing a notice of removal. Rather, as explained above, their consent

7

includes no time limit. So, while it is true that "each defendant who has been served with process at the time the removal petition is filed 'must *independently* express . . . consent to removal' by submitting 'written consent unambiguously agreeing to removal,'" (P's Mem. at 3) (quoting *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14-CV-9059, 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015) (emphasis in original)), the statute does not state that such consent must be expressed within thirty days of the date on which a defendant is "properly joined and served." In other words, the rule of unanimity, as codified at § 1446(b)(2)(A), tells us *who* must consent to removal, but it does not tell us *when* those parties must consent. The "when" question must be answered by reference to other provisions in § 1446(b).

Within § 1446(b), only two provisions include an express thirty-day time limit: § 1446(b)(1) (requiring removal within thirty days of receipt through service or otherwise) and § 1446(b)(2)(B) (giving each defendant in a multiple-defendant case thirty days from "service . . . or receipt" to remove the case). As a recent Second Circuit opinion makes clear, a defendant's thirty-day time limit to consent to removal is derived from these provisions:

> [T]he notice of removal "shall be filed within 30 days after the receipt by the defendant" of the initial pleading or summons, "whichever period is shorter." *Id.* § 1446(b)(1). And *within that thirty-day window*, "all defendants who have been properly joined and served must join in or consent to the removal of the action" the so-called rule of unanimity. 28 U.S.C. § 1446(b)(2)(A); *see also* 28 U.S.C. § 1446(b)(2)(B).

*Taylor*, 15 F.4th at 150 (emphasis added). *Taylor* went on to explain:

---

> to removal was neither untimely nor even necessary because service was not complete as to either at the time the notice of removal was filed.

*Id.* at *6 (emphasis in original). The uncontroversial proposition that a defendant who has never been served need not consent to removal under the rule of unanimity (and is not subject to the thirty-day removal clock of an earlier-served defendant) has little to do with the question here of whether a defendant's time to consent to a co-defendant's removal can begin running before the thirty-day clock to file a notice of removal.

8

> Where, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent.  This straightforward *application of 28 U.S.C. § 1446(b)(2)(B)* is consistent with our Circuit's presumption against removal.

*Id.* at 151 (emphasis added).  Thus, the thirty-day period for consent is not tied to the "joined and served" language in § 1446(b)(2)(A), but rather to the language in § 1446(b)(1) providing for removal "within 30 days after the receipt by the defendant, through service or otherwise" of the summons and complaint and the language in § 1446(b)(2)(B) giving each defendant thirty days from "receipt . . . *or* service" to remove.  By saying that the rule – that the consenting/served defendant has to consent within thirty days – is an application of § 1446(b)(2)(B), the *Taylor* court is referring to the thirty days post-receipt that each defendant has to remove (not the thirty days the original removing defendant had).  That is, consent is only "late" if it is late under the defendant's own thirty-day removal period.  And because – as explained – "service on a statutory agent does not trigger the 30-day removal period," *see Moran*, 2020 WL 5912391, at *3, neither Prudential's time to remove nor its time to consent to removal had expired prior to April 16.[6]

Were I to accept Plaintiff's reading of the statute, Prudential's thirty days to remove would run from its registered agent's receipt of service on April 12, but its time to consent would run from service on the Secretary of State on March 8 (before Prudential had even received the summons and complaint with which it was served).  This is illogical, particularly because the reason the thirty-day limit in § 1446(b)(1) runs from receipt is that a defendant's time to act

---

[6] Whether or not Talcott is considered the "later-served defendant" under § 1446(b)(2)(C), this conclusion still holds.  As with § 1446(b)(2)(A), "section 1446(b)(2)(C) sets no time limit for an earlier-served defendant to file its consent after the notice of removal is filed by the later-served defendant." *Stern v. Westerman Ball Ederer Miller & Sharfstein, LLP*, No. 17-CV-34, 2017 WL 7411022, at *4 (N.D.N.Y. Mar. 23, 2017), *report and recommendation adopted*, 2017 WL 3130415 (N.D.N.Y. July 24, 2017).  Accordingly, while the earlier-served defendant must consent, § 1446(b)(2)(C) is silent as to when that consent must be expressed.

9

might expire before that defendant even knows it is part of the lawsuit. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999) (current language in § 1446(b)(1) was added "[t]o ensure that the defendant would have access to the complaint before commencement of the removal period").

None of the authorities cited by Plaintiff alter this conclusion. For example, *Robison v. Tom Cawley's Aviation Service, Ltd.* stated that "New York law governs what 'properly joined and served' means for purposes of 28 U.S.C. § 1441(b)," and held that remand was necessary (in part) because five defendants who had been "properly joined and served" *never* consented to removal. No. 17-CV-3440, 2017 WL 4480773, at *2-3 (S.D.N.Y. Oct. 6, 2017). But what *Robison* did not hold – because the question was not presented – was that all five of those defendants had thirty days from the date on which they were "properly joined and served" to consent. That is the rule for which Plaintiff argues here, and that I reject. Similarly, in *U.S. Fidelity & Guaranty Co.*, the court ordered remand where five co-defendants did not sign the notice of removal and did not "at any point submit[] any writing or [take] any independent action reporting their consent to removal, or even reporting any position on that issue." 2015 WL 1730067, at *4. And the court in *Stop & Shop Supermarket Co. v. Goldsmith* analyzed the issue of whether a defendant was "properly joined and served" in the context of determining whether that defendant had to consent to removal at all – not *when* the defendant had to consent to removal. *See* No. 10-CV-3052, 2011 WL 1236121, at *5-6 (S.D.N.Y. Mar. 31, 2011).

In short, Prudential, once it was served by delivery to the Secretary of State, had to consent to Talcott's removal under § 1446(b)(2)(A). But it had the same thirty days to consent that it would have had to remove on its own, and the clock on that thirty-day period started with receipt of process by Prudential's registered agent on April 12, not service on the Secretary of

State on March 8. *See* 28 U.S.C. §§ 1446(b)(1), (b)(2)(B); *see also Moran*, 2020 WL 5912391, at *3. Prudential's April 16 consent to removal was thus timely.

Having determined that removal and consent were timely, I note also that Defendants have met their burden to establish that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).[7] Plaintiff is a New York citizen and Defendants are New Jersey and Connecticut citizens. (ECF No. 1 ¶¶ 10-12; *see* Compl. ¶¶ 1-3.) And Plaintiff is suing to establish the validity of his life insurance policy, which has a policy limit of $2,000,000. (ECF No. 1 ¶¶ 15-16; *see* Compl. ¶¶ 6, 23); *see Amica Mut. Ins. Co. v. Levine*, 7 F. Supp. 3d 182, 187 (D. Conn. 2014) ("[I]f the substance of the declaratory judgment action seeks to determine the validity of an insurance policy, then the policy limit is the amount in controversy.") (cleaned up). Accordingly, this case meets the complete diversity and amount-in-controversy requirements under 28 U.S.C. § 1332(a).

Finally, given this disposition, Plaintiff's motion for fees and costs is also rejected. *See Bielfeldt v. Sonowski*, No. 13-CV-3772, 2014 WL 3547030, at *3 (E.D.N.Y. July 16, 2014).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand and for attorneys' fees and costs is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion (ECF No. 10.) The parties shall attend a telephonic scheduling conference on February 1, 2022 at 10:30 a.m.

---

[7] Plaintiff does not dispute that the statutory prerequisites for diversity jurisdiction are present.

11

**SO ORDERED.**

Dated: January 3, 2022
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.